**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Howard Eugene HUGHES, Defendant–Appellant.**

**No. 89–6173.**

United States Court of Appeals, Tenth Circuit.

April 9, 1990.

Rand C. Eddy, Asst. Fed. Public Defender, Oklahoma City, Okl., for defendant-appellant.

Frank Michael Ringer (Robert E. Mydans, U.S. Atty., and Ted A. Richardson, Asst. U.S. Atty., on the briefs), Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Before TACHA and BALDOCK, Circuit Judges, and O'CONNOR, Chief District Judge.[*]

TACHA, Circuit Judge.

Defendant Howard Eugene Hughes appeals the district court's imposition of sentence pursuant to the career offender provision of the Sentencing Reform Act, 28 U.S.C. section 994(h) (as implemented by section 4B1.1 of the United States Sentencing Guidelines), on the ground that his sentence violates the eighth amendment to the Constitution, U.S. Const. amend. VIII. We affirm.

On November 22, 1988 in Oklahoma City, Oklahoma, Hughes hijacked a cab and ordered the driver to pick up his two male codefendants, Gwynne Phillips and Gerald Banks. After picking up Phillips and Banks and locking the cab driver in the trunk, the defendants drove the cab to the Heartland Federal Savings and Loan.

Hughes and Phillips entered the bank while Banks waited outside in the cab. Phillips, disguised as a female in a long white evening gown and a long wig, approached a teller at the counter. Phillips pointed a semi-automatic handgun at the teller, demanded money, and received a cash box containing approximately $50,000. At the same time, Hughes approached a teller at her desk, pointed a .22 submachine gun at her, and took money from a drive-in teller drawer. Hughes then pushed the second teller from her desk toward the counter while swinging his submachine gun in the air. He instructed the teller to open the safe and removed a cash box and a bag of nickels. Hughes and Phillips told the tellers to lie on the floor and then left the savings and loan, taking with them $62,744.

On February 15, 1989, Hughes pleaded guilty to robbery of a federally insured savings and loan institution and jeopardizing someone's life with a dangerous weap-

---

[*] The Honorable Earl E. O'Connor, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

on during the commission of the robbery, in violation of 18 U.S.C. section 2113(a) and (d). Hughes' presentence report reveals two relevant prior felony convictions. On September 11, 1985, Hughes was convicted as an eighteen-year-old adult for the felony of attempted first degree robbery when he knocked a woman to the ground and tried to take her purse. One year later Hughes was convicted a second time for the felony of residential burglary, which is a "crime of violence" under the Guidelines, *see* U.S. S.G. section 4B1.2, comment. (n.2).

In light of Hughes' two prior felony convictions for crimes of violence, the district court determined that Hughes was a career offender pursuant to section 4B1.1 of the Guidelines, which provides that:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. If the offense level for a career criminal in the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply. A career offender's criminal history category in every case shall be category VI.

Based on an offense level of 34 and a criminal history category of VI, Hughes' guideline range was 262–300 months. The district court sentenced Hughes to 262 months.

■ We have examined Hughes' contention that his sentence violates the eighth amendment and find it meritless. Hughes' sentence of 262 months for his third felony conviction for a crime of violence is within the applicable guideline range for a career offender. As we stated in *United States v. Gourley*, 835 F.2d 249 (10th Cir.1987):

> The eighth amendment requires that a sentence not be disproportionate to the severity of the crime or involve unnecessary infliction of pain. Within this limitation, the determination of proper penalties for crimes is a matter for the legislature. If a sentence imposed is within the statutory limits, the appellate court generally will not regard it as cruel and unusual punishment.

*Id.* at 252–53 (citations omitted). Although *Gourley* was decided before the Guidelines came into effect, we see no reason to alter its principle of judicial deference to legislative enactment of the Sentencing Guidelines.

Hughes' situation does not even remotely resemble the disproportionate severity of the sentence struck down in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).[1] In *Solem*, the defendant received a sentence of life in prison without parole under the state's recidivist statute because of his prior convictions for six felonies, all of which were minor and nonviolent and none of which was a crime against a person. Hughes has been convicted three times for crimes of violence against persons or property within the last five years. His sentence of 262 months is proportionate to the gravity of his third offense, armed robbery and jeopardizing someone's life with a dangerous weapon during the commission of a robbery.

■ Hughes contends that the Sentencing Guidelines' career offender provisions violate the eighth amendment by "mechanically" aggregating disparate offenses without regard to the seriousness of the offenses or adequately considering the defendant's personal characteristics. We disagree. The sentencing judge retains discretion to depart downward from the Guidelines in appropriate cases. *See* U.S. S.G. section 5K2.0, p.s. Thus, even if the eighth amendment were to require that the sentencing judge retain some measure of discretion in imposing sentence, the degree

---

1. Other than *Solem,* there have been only two other instances where the Supreme Court found a sentence to be so disproportionate to the severity of the offense that it violated the eighth amendment. *Coker v. Georgia,* 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1976), struck down a death sentence for rape, and *Weems v. U.S.,* 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910), struck down a sentence of fifteen years at hard labor for falsifying a government form.

of discretion afforded under the Guidelines clearly is sufficient.

The decision of the district court is AFFIRMED.