**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 11 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LEOBARDO SILVA-SOLORZANO,
a/k/a Sergio Escolontez-Silva,

Defendant-Appellant.

No. 99-4078
(D.C. No. 99-CR-32)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **McKAY**, and **PORFILIO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Leobardo Silva-Solorzano (Silva), a Mexican national, appeals the sentence imposed upon his pleading guilty to illegally entering the United States after deportation, in violation of 8 U.S.C. § 1326. Finding no error, we affirm the sentence.

Silva, whose extensive criminal history includes an April 10, 1995 conviction for possession of a controlled substance, had been deported to Mexico on at least four occasions, with the latest occurring on June 9, 1997. On January 27, 1999, the government charged Silva with unlawful reentry of a deported alien and, pursuant to 8 U.S.C. § 1326(b)(2), filed a Notice of Sentencing Enhancement due to conviction of at least one prior aggravated felony.[1] Upon Silva's entry of a guilty plea, the district court sentenced him to

---

[1] Section 1326 provides, in pertinent part,

(a) In general

Subject to subsection (b) of this section, any alien who--

(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, . . .

shall be fined under Title 18, or imprisoned not more than 2 years, or both.

(continued...)

seventy months in prison followed by thirty-six months of supervised release. The imposed term of imprisonment is at the low end of the applicable guideline range, calculated with a sixteen-level enhancement based on a prior conviction for an aggravated felony. See U.S.S.G. § 2L1.2(b)(1)(A).[2]

On appeal, Silva's appointed attorney submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and moved for leave to withdraw from the case. Silva filed a pro se response to counsel's brief. These two filings, taken

---

[1](...continued)
    (b) Criminal penalties for reentry of certain removed aliens

    Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection--
    . . .
    (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both. . . .

A felony conviction for possession of a controlled substance is an aggravated felony within the meaning of § 1326(b)(2). See United States v. Valenzuela-Escalante, 130 F.3d 944, 946 (10th Cir. 1997).

[2]    U.S.S.G. § 2L1.2(b)(1)(A) provides:

    (b) Specific Offense Characteristic

    (1) If the defendant previously was deported after a criminal conviction, or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction, increase as follows (if more than one applies, use the greater):

    (A) If the conviction was for an aggravated felony, increase by 16 levels.

together, make three arguments: (1) § 1326 and U.S.S.G. § 2L1.2(b)(1)(A) are unconstitutional; (2) a downward departure for family circumstances was warranted; and (3) appointed counsel failed to advise Silva of the availability of downward departure and neglected to contest the prior offenses used to calculate his criminal history points.

Silva's argument against § 1326 and U.S.S.G. § 2L1.2(b)(1)(A) invokes a blend of constitutional provisions. He asserts that the statute and guideline violate his right to equal protection, subject him to double jeopardy, and deny him the right to be free from cruel and unusual punishment. We review constitutional challenges to immigration provisions de novo. See Jurado-Gutierrez v. Greene, 190 F.3d 1135, 1152 (10th Cir. 1999). We must keep in mind, however, "the limited scope of judicial inquiry into immigration legislation." Fiallo v. Bell, 430 U.S. 787, 792 (1977). "[I]n the exercise of its broad power over immigration and naturalization, Congress regularly makes rules that would be unacceptable if applied to citizens." Id. (quotation and footnote omitted).

In essence, Silva's equal protection argument is that enhancing the sentence of re-entering aliens with prior felony convictions makes an irrational distinction between these aliens and citizens with prior felony convictions. We disagree. The policy of deterring aliens who have been convicted of a felony from re-entering the United States justifies distinguishing between the two groups of

-4-

criminal defendants.  See United States v. Adeleke, 968 F.2d 1159, 1160-61 (11th Cir. 1992).  Because there is "a rational basis for differentiation," Jurado-Gutierrez, 190 F.3d at 1152, § 1326 does not violate Silva's equal protection rights.  Moreover, the accompanying guideline, U.S.S.G. 2L1.2(b)(1)(A), "treat[s] all persons with aggravated felonies who commit this crime equally."  United States v. Cardenas-Alvarez, 987 F.2d 1129, 1134 (5th Cir. 1993).   Thus, the guideline is not susceptible to an equal protection challenge.

The double jeopardy strand of Silva's argument is similarly flawed.  The Double Jeopardy Clause "protects a criminal defendant from multiple prosecutions and from multiple punishments for the same conduct."  United States v. Overstreet, 40 F.3d 1090, 1093 (10th Cir. 1994) (citing United States v. Dixon, 509 U.S. 688, 695-96 (1993)).  Generally, a statute does not violate double jeopardy if it provides for enhanced punishment for a new crime, even though the enhancement is premised on a defendant's criminal history.  See  Witte v. United States, 515 U.S. 389, 400 (1995); United States v. Hawley, 93 F.3d 682, 688 (10th Cir. 1996).  Here, § 1326 provides for  sentence enhancement for the offense of illegal re-entry into the United States, not  punishment for a prior conviction.  See United States v. Valdez, 103 F.3d 95, 97 (10th Cir. 1996).  Accordingly, Silva's § 1326 conviction does not violate the Double Jeopardy Clause.

The remaining constitutional argument, based on the Eighth Amendment prohibition against cruel and unusual punishment, also fails. "If the imposed sentence is within the statutory limits . . . , an appellate court 'generally will not regard it as cruel and unusual punishment.'" United States v. Youngpeter, 986 F.2d 349, 355 (10th Cir. 1993) (quoting United States v. Hughes, 901 F.2d 830, 832 (10th Cir. 1990); see also Cardenas-Alvarez, 987 F.2d at 1134 (100-month sentence for violation of § 1326(b) did not violate Eighth Amendment).

Silva's second main argument is that he should have received a downward departure from the guidelines for family responsibilities because his elderly mother is in Mexico with health problems. Although "we retain the ability to review a refusal to depart when the denial is based on an illegal factor, or an incorrect application of the Guidelines," we normally "lack jurisdiction to review a sentencing court's discretionary denial of a downward departure." United States v. Guidry, No. 98-3287, 1999 WL 1244487, at *10 (10th Cir. Dec. 21, 1999). Here, there is no contention that the district court based its sentencing decision on an illegal factor, or an incorrect application of the guidelines. Therefore, we have no jurisdiction to review the denial of Silva's requested downward departure.

Finally, Silva asserts that he received ineffective assistance of counsel, claiming that his defense attorney did not inform him of his right to move for a

downward departure and did not conduct an proper investigation of the convictions which entered into the calculation of his criminal history points. Our usual rule is that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). "A factual record must be developed in and addressed by the district court in the first instance for effective review." Id. Although we recognized that in rare instances the merits of an ineffectiveness claim may be reviewed on direct appeal because the claim needs no further development, id., that rare exception is clearly not applicable here. In fact, the record before us reflects that trial counsel was effective in obtaining an agreement from the government to recommend a sentence at the low end of the guideline range. We also note that the transcript of the sentencing hearing belies Silva's contention that he was not informed of his right to move for a downward departure based on family circumstances. See R., Vol. II at 4-5 (counsel's request for a downward departure), 9 (the court's denial of the request). To the extent Silva wishes to raise counsel ineffectiveness issues not apparent on this record, he must do so collaterally.

Accordingly, we AFFIRM defendant's sentence. We grant counsel's motion to withdraw.

Entered for the Court


John C. Porfilio
Senior Circuit Judge