**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ANDRES LUQUE-CANO, aka Noel
Ramos Figueroa, aka Martin Pacheco
Casares, aka Juan Jose Almonte-
Munante,

      Defendant - Appellant.

No. 04-2057
(D.C. No. CR-03-1849-JC)
(Dist. N.M.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Andres Luque-Cano ("Defendant") pled guilty to one count of reentry of a

deported alien previously convicted of an aggravated felony, in violation of 8

U.S.C. §§ 1326(a)(1), (2), and § 1326(b)(2). The district court sentenced

Defendant to 77 months imprisonment followed by two years of supervised

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously to grant the parties' request for a decision on the briefs
without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. This court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

release. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and AFFIRM.[1]

## BACKGROUND

In December of 2003, Defendant pled guilty, without the benefit of a plea bargain, to having illegally reentered the United States after being deported following conviction for an aggravated felony.

At sentencing, the district court accepted the guideline calculation in the presentence report ("PSR"), which placed Defendant at an offense level 21 and a criminal history category VI, with a guideline range of 77 to 96 months imprisonment. Defendant did not object to the PSR calculation, but did request a downward departure. The district court denied the motion for a departure and sentenced Defendant to 77 months, the shortest period of incarceration permitted under the applicable guideline range.

---

[1]Defense counsel has filed a motion to withdraw under Anders v. California, 386 U.S. 738 (1967). Although the holding in Anders entitles the Defendant to raise additional points in response to counsel's Anders brief and such opportunity was noted in this case, Luque-Cano has made no such filing. Because we find that the record reveals no non-frivolous issues on appeal, we grant counsel's motion to withdraw.

**DISCUSSION**

**1. Application of sentencing guidelines**

We review the district court's application of the Sentencing Guidelines <u>de novo</u> and its findings of fact for clear error. <u>United States v. Bruce</u>, 78 F.3d 1506, 1509 (10th Cir. 1996). Because no objection was made to the sentencing calculation in this case, we review only for plain error. <u>United States v. Tisdale</u>, 248 F.3d 964, 981 (10th Cir. 2001).

In this case, the district court properly applied the Sentencing Guidelines. The offense level was calculated with a base offense level of 8 for the illegal reentry charge pursuant to U.S.S.G. § 2L1.2(a), and that offense level was then enhanced by 16 levels because the reentry occurred after deportation following a drug trafficking offense for which the sentence imposed exceeded 13 months pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i). Defendant then received a three-level acceptance of responsibility adjustment pursuant to U.S.S.G. § 3E1.1, bringing his total offense level to 21.

Defendant's criminal history is extensive. Criminal history points were properly assessed for a prior felony menacing conviction, multiple driving while ability impaired and driving while under the influence convictions, and multiple controlled substance offenses. He also received an additional two points because

- 3 -

the instant offense occurred within two years of his release from prison. This resulted in a criminal history category VI.

Defendant was sentenced within the applicable guideline for a combined offense level of 21 and a criminal history category VI. We find no error in this calculation of the guideline range, nor do we find it a violation of the cruel and unusual clause of the Eighth Amendment. See United States v. Hughes, 901 F.2d 830, 831-32 (10th Cir. 1990); United States v. Youngpeter, 986 F.2d 349, 355-56 (10th Cir. 1993).

## 2.      Refusal of request for downward departure

This court lacks jurisdiction to review the district court's discretionary decision to deny a request for downward departure "unless the court refused to depart because it interpreted the Guidelines to deprive it of the authority to do so." United States v. Fortier, 180 F.3d 1217, 1231 (10th Cir. 1999.)

Before the district court, Defendant moved for a downward departure from a criminal history category VI to category V because "category V more appropriately represents the seriousness of his criminal history" which "although extensive is more reflective of a person with a substance abuse problem then a person bent on criminal activity."[2] Defendant also asserted that the last time he

---

[2]The guideline governing departures from criminal history categories, U.S.S.G. § 4A1.3, provides in relevant part, "If reliable information indicates that the defendant's criminal history category substantially over-represents the

was in prison he completed an education program, an anger management program, and a drug dependency and addiction treatment program, and now poses a low risk of reverting to criminal conduct.[3]

Initially, at sentencing, the district court indicated, "I want to sentence him at a higher level than the low end, based on his criminal history." However, after considering Defendant's departure argument, the district court agreed to "cut him some slack on the guideline range" and "sentence him at the low end of the guidelines." However, the court denied the motion to depart below that range: "But your motion for reduction, no, that will be denied. I believe he is strictly category VI."

The district court readily recognized its discretionary power to grant a downward departure but concluded such a departure was not warranted in this case. Accordingly, we have no jurisdiction to review this issue.

---

seriousness of defendant's criminal history or likelihood that the defendant will commit other crimes, a downward departure may be warranted."

[3]In the alternative, Defendant asked for a four-level downward departure based on a combination of these factors pursuant to U.S.S.G. § 5K2.0.

## CONCLUSION

For the foregoing reasons, we DISMISS that portion of the appeal that might be construed to challenge the district court's refusal to depart downward and AFFIRM the conviction and sentence in this case.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge