**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LEON FERNANDO MARTINEZ-
GARCIA,

    Defendant-Appellant.

No. 05-4152

(D.C. No. 2:04-CR-255-01-DB)

(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE, LUCERO,** and **MURPHY** , Circuit Judges.

---

Defendant Leon Fernando Martinez-Garcia was charged in a five-count

Superceding Indictment with being an illegal alien in possession of a firearm, in

violation of 18 U.S.C. § 922(g)(5) ("Count I"); possession of cocaine with intent to

distribute, in violation of 21 U.S.C. § 841(a)(1) ("Count II"); possession of heroin

with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) ("Count III");

possession of a firearm in furtherance of a drug trafficking crime, in violation of 21

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 924(c) ("Count IV"); and possession of five or more grams of a substance containing cocaine base, in violation of 21 U.S.C. § 844(a) ("Count V"). Martinez-Garcia pled guilty, with the benefit of a plea agreement, to Counts II, III, IV, and V. In exchange for his guilty plea, the government agreed to dismiss Count I. The district court accepted Martinez-Garcia's pleas and sentenced him to ten years imprisonment based on the five-year mandatory minimum sentence, to be served consecutively with any other sentence, under Count IV, and the five-year mandatory minimum sentence under Count V. Martinez-Garcia appeals. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Counsel for Martinez-Garcia has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and has moved to withdraw. In response, Martinez-Garcia has filed a pro se brief identifying additional issues for appeal. Anders holds that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Id. at 744. Upon receiving an Anders brief and the defendant's response thereto, we are required to conduct "a full examination of all the proceedings" in order "to decide whether the case is wholly frivolous." Id.

The Anders brief filed by Martinez-Garcia's counsel identifies one potential appellate issue: whether Martinez-Garcia's sentence violates the Eighth Amendment. After conducting an independent review of the record, we agree that this issue is

without merit.

We review de novo Eighth Amendment challenges to a criminal sentence. United States v. Delacruz-Soto, 414 F.3d 1158, 1168 (10th Cir. 2005) (citation omitted). "'The Eighth Amendment . . . contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'" Ewing v. California, 538 U.S. 11, 20 (2003) (quoting Harmelin v. Michigan, 501 U.S. 957, 996-97 (1991)). Under this narrow proportionality principle, the Eighth Amendment "does not require strict proportionality between crime and sentence." Id. at 23. "Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Id. (quoting Harmelin, 501 U.S. at 1001 (Kennedy, J., concurring in part and concurring in the judgment)). Generally, "a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." Delacruz-Soto, 414 F.3d at 1168 (citing United States v. Hughes, 901 F.2d 830, 832 (10th Cir. 1990)). We easily conclude that Martinez-Garcia's sentence does not violate the Eighth Amendment because his sentence is required by statute and is not grossly disproportionate to his crimes. See e.g., United States v. Angelos, 433 F.3d 738, 749-53 (10th Cir. 2006) (rejecting defendant's argument that his fifty-five year sentence, mandated under 18 U.S.C. § 924(c), violated the Eighth Amendment).

Martinez-Garcia identifies two additional issues: the district court applied

the Sentencing Guidelines in a mandatory fashion, in violation of United States v. Booker, 125 S.Ct. 738 (2005); and his plea was not voluntary because his counsel failed to translate or otherwise explain his plea agreement. We also conclude that these issues are without merit. First, the district court did not sentence Martinez-Garcia under a guideline range; rather, the district court sentenced him under the statutory mandatory minimum.[1] Booker has no applicability when a defendant receives a mandatory minimum sentence. United States v. Payton, 405 F.3d 1168, 1173 (10th Cir. 2005). Second, at the plea hearing, the district court found that Martinez-Garcia's pleas were knowingly and voluntarily entered. The district court asked whether the plea agreement was read to Martinez-Garcia, and Martinez-Garcia's attorney informed the court that the entire document was read to Martinez-Garcia in Spanish. Further, the plea agreement, signed by Martinez-Garcia on the date of the plea hearing, acknowledges that Martinez-Garcia had the assistance of counsel in reviewing and explaining the document.

AFFIRMED. Counsel's motion to withdraw is GRANTED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1] We note that Martinez-Garcia was sentenced on June 6, 2005, i.e., post-Booker.

-4-