FILED
United States Court of Appeals
Tenth Circuit

**May 27, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

CHARLES DEAN COUCHMAN

Defendant–Appellant.

No. 08-6188

(D.C. No. 08-CR-00073-HE-1)

(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

Defendant pled guilty to being a felon in possession of a firearm and ammunition. Based on two prior escape convictions and four prior burglary convictions, he was sentenced as an armed career criminal under 18 U.S.C. § 924(e)(1) and USSG § 4B1.4. Pursuant to these provisions, the suggested range of punishment was 180 to 210 months of imprisonment. The district court imposed a 192-month sentence, in the middle of this range.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), explaining why counsel believes there to be no reasonable grounds for appeal. In response, Defendant has submitted a letter in which he expresses general dissatisfaction with his attorney's representation, complains that his attorney has not communicated with him, and states that he does not know how to respond to the *Anders* brief. Defendant does not identify or suggest any issues he believes his attorney could have or should have raised on appeal—he simply states that he does not know why his attorney considers an appeal to be frivolous. The government has declined to file an answer brief. Because we agree with counsel that Defendant has no meritorious grounds to raise on appeal, we will grant counsel's motion to withdraw and dismiss the appeal.

First, Defendant could potentially appeal the procedural reasonableness of the sentence imposed by the district court. Defendant objected before the district court to the characterization of his prior felonies as crimes of violence and the consequent determination that he was an armed career criminal for sentencing purposes. The district court rejected this objection, holding that there were more than enough convictions for the armed career criminal enhancement to apply. Specifically, the court noted that Defendant had six prior convictions that had been identified by the pre-sentence report as qualifying felonies. The court stated that it could not tell for certain whether one of the burglaries involved a structure, but it held that the other five prior convictions qualified as crimes of violence

under the statute and Tenth Circuit precedent.  Two of the five convictions on which the court based its decision were escape convictions that may no longer qualify as crimes of violence based on the Supreme Court's recent decision in *Chambers v. United States*, 129 S. Ct. 687 (2009).  Nevertheless, we conclude that Defendant's three remaining burglary convictions were sufficient to qualify him for the armed career criminal enhancement under § 924(e).  *See United States v. Hill*, 53 F.3d 1151, 1154-55 (10th Cir. 1995) (en banc) (finding the generic burglary elements to be satisfied by language very similar to the charging language at issue here).  We therefore conclude that any appellate challenge to the district court's application of the armed career criminal statute would fail.

Because defense counsel made no other objections to the district court's calculation of the advisory sentencing range, Defendant would need to demonstrate plain error in order to call any other aspects of the procedural reasonableness of his sentence into question.  However, nothing in the record suggests any error in the court's calculation, much less error that is plain.  We therefore conclude that Defendant could not raise a meritorious claim of procedural unreasonableness on appeal.

As for substantive reasonableness, the record reflects that the district court carefully weighed the appropriate factors in deciding on a sentence.  After noting that Defendant had been engaged in criminal activity almost continuously for twenty-five years and had not been deterred by his previous brushes with the

-3-

criminal justice system, the court stated:

> As to where in the guideline range I would sentence Mr. Couchman, I think in light of the extensive criminal history, a sentence at the very bottom of the range is not appropriate. On the other hand, as the various crimes making up his criminal history as well as the offense of conviction do not suggest a high level of violence actually being employed, I think a sentence at the top of the range is not indicated. So in any event, my sentence will be close to but not at the bottom of the guideline range.

(Sent. Tr. at 10.) Nothing in the record suggests that this reasoning constituted an abuse of discretion, nor does the record suggest any other basis on which Defendant could rebut the presumption of reasonableness attached to his within-Guidelines sentence. *See United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007). We therefore conclude that Defendant cannot raise a meritorious challenge to the substantive reasonableness of his sentence.

Defendant could also potentially argue that the length of his sentence is grossly disproportionate to the crime he committed and therefore constitutes cruel and unusual punishment under the Eighth Amendment. However, "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case," *Lockyer v. Andrade*, 538 U.S. 63, 77 (2003), and we will generally not regard a sentence within the statutory limits to be cruel and unusual, *United States v. Hughes*, 901 F.2d 830, 832 (10th Cir. 1990). Here, Defendant's sentence is well within the statutory limits of fifteen years to life. The statutory minimum of fifteen years has withstood Eighth Amendment challenges by every

circuit to consider it, *United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir. 2000), and the extra year Defendant received over that minimum certainly does not make his sentence so extreme as to violate the Eight Amendment. *Cf. United States v. Angelos*, 433 F.3d 738, 750-51 (10th Cir. 2006) (listing Supreme Court cases rejecting Eighth Amendment challenges to very lengthy sentences and holding that a fifty-five year sentence for possessing a firearm during a drug-trafficking crime did not constitute cruel and unusual punishment).

Finally, although Defendant's letter suggests that he may wish to raise an ineffective assistance of counsel claim, such claims "should be brought in collateral proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Thus, even if we could identify a specific ineffectiveness claim from Defendant's letter, we would not address it here.

Our thorough review of the record persuades us that Defendant has no meritorious grounds for appeal. We therefore **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge

-5-