FILED
United States Court of Appeals
Tenth Circuit

July 15, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES DEAN COUCHMAN,

Defendant - Appellant.

No. 13-6097
(D.C. Nos. 5:13-CV-00303-HE &
5:08-CR-00073-HE-1)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

---

This matter is before the court on Charles Couchman's pro se requests for a

certificate of appealability ("COA") and to proceed on appeal in forma pauperis

("IFP"). Couchman seeks a COA so he can appeal the district court's denial of

his 28 U.S.C. § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). Because Couchman has

not "made a substantial showing of the denial of a constitutional right," *id.*

§ 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Additionally, as Couchman has failed to present a "reasoned, nonfrivolous

argument on the law and facts in support of the issues raised on appeal," we deny

his request to proceed IFP. *Caravalho v. Pugh*, 177 F.3d 1177, 1177 (10th Cir. 1999).

Couchman pleaded guilty to being a felon in possession of a firearm and ammunition. Because of his extensive criminal history, Couchman was sentenced as an armed career criminal under 18 U.S.C. § 924(e)(1) and U.S.S.G. § 4B1.4. On direct appeal, this court concluded Couchman's 192-month sentence was both procedurally and substantively reasonable and consistent with the Eighth Amendment. *United States v. Couchman*, 329 F. App'x 836, 837-39 (10th Cir. 2009). In the instant § 2255 motion, Couchman asserted (1) his appellate counsel was ineffective for failing to argue his convictions violated the Second Amendment; (2) his sentence violates the Eighth Amendment; and (3) the application to him of a law not in effect at the time of his birth violates the Ex Post Facto Clause. The district court summarily rejected each claim, noting as follows: (1) *District of Columbia v. Heller*, 554 U.S. 570, 626-27 (2008), makes clear the Second Amendment is not violated by a prohibition on a convicted felon possessing a firearm; (2) this court rejected an Eight Amendment challenge to Couchman's sentence on direct appeal, *Couchman*, 329 F. App'x at 839; and (3) the Ex Post Facto Clause does not lock into place the legal regime in existence at the time of a particular defendant's birth, but instead prevents the government from retroactively criminalizing conduct that was legal at the time undertaken.

The granting of a COA is a jurisdictional prerequisite to Couchman's appeal from the denial of his § 2255 motion. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating whether Couchman has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although he need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Couchman's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Couchman is not entitled to a COA. The district court's resolution of Couchman's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Instead, the arguments set out in Couchman's brief on appeal are either frivolous or foreclosed by this court's decision on direct appeal. Accordingly, this court **DENIES** Couchman's request

-3-

for a COA and **DISMISSES** this appeal. Furthermore, given that we have denied his motion to proceed on appeal IFP, we remind Couchman that he is obligated to pay the full amount of the filing fee.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge