**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 10, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES DEAN COUCHMAN,

Defendant - Appellant.

No. 17-6018
(D.C. Nos. 5:16-CV-00649-HE and
5:08-CR-00073-HE-1)
(W.D. Okla.)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.

In 2008 Charles Dean Couchman pled guilty to being a felon in possession of a

firearm and ammunition. 18 U.S.C. § 922(g)(1). Relevant here, his criminal history

included: (1) a 1992 and 1994 conviction from the State of Oklahoma for burglary in the

second degree; (2) a 1993 conviction from the State of Oregon for burglary in the first

degree; and (3) a 2002 conviction from the State of Missouri for burglary in the second

degree.[1]

---

[1] Couchman's criminal history also included two escape convictions, which the
judge also relied on in enhancing his sentence under the Armed Career Criminal Act
(ACCA). On direct appeal, we decided these convictions no longer qualified as "violent
felon[ies]" under the ACCA. *See United States v. Couchman (Couchman I)*, 329 F.

The probation officer concluded these convictions constituted "violent felon[ies]" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), exposing him to a mandatory minimum sentence of 15 years (180 months) imprisonment. *Id.* § 924(e)(1). At the time of sentencing, the ACCA defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause); (2) "is burglary, arson, or extortion, [or] involves use of explosives" (the enumerated-offense clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). *Id.* § 924(e)(2)(B). The probation officer calculated an advisory guideline range of 180-210 months imprisonment

Couchman objected to the application of the ACCA, arguing his prior convictions did not constitute <u>violent</u> felonies because his prior crimes were not violent. The judge disagreed. While he "couldn't tell for certain [whether one of the burglary convictions] involved a structure," the other three convictions plainly qualified as violent felonies under Tenth Circuit precedent. (R. at 41.) He elaborated: "[T]he decisions don't require that there be actual violence in particular in connection with a particular offense, but rather if the burglary, for example, involves a building or structure that's deemed to involve a sufficient risk of violence for the nature of it. In any event, . . . Congress [h]as concluded that those offenses should be considered violent offense[s] for purposes of the

---

App'x 836, 837-38 (10th Cir. 2009) (unpublished) (citing *Chambers v. United States*, 555 U.S. 122 (2009)).

[ACCA]." (*Id.*) The judge sentenced him to incarceration for 192 months.

Couchman filed a direct appeal. *See United States v. Couchman (Couchman I)*, 329 F. App'x 836 (10th Cir. 2009) (unpublished). His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating his belief that no reasonable grounds for appeal existed, and moved to withdraw. *Id*. at 837. Couchman responded to the brief with a letter. *Id*. Other than complaining about his attorney, he did not identify any issues for appeal. *Id*. Nevertheless, pursuant to our duty under *Anders*, we reviewed the record and identified several potential appeal issues. *Id*. Relevant here, we addressed whether the judge had correctly decided that Couchman had the requisite three prior violent felony convictions to qualify for an enhanced sentence under the ACCA. *Id*. Citing *United States v. Hill*, 53 F.3d 1151, 1154-55 (10th Cir. 1995), we concluded his burglary convictions qualified as violent felonies under the ACCA because the charging documents showed they satisfied generic burglary, i.e., they involved burglary of a building or structure. *Id*. at 838. That holding would seemingly resolve any debate about whether his sentence was enhanced under the enumerated-offense clause or the residual clause —it was enhanced because of his prior burglaries, the type of crime specifically enumerated in the statute. However, Couchman wants to add an improbable spin, so we soldier on.

On March 29, 2013, Couchman filed his first 28 U.S.C. § 2255 motion claiming (1) counsel was ineffective for failing to argue his convictions violated the Second Amendment and (2) his convictions violated the Eighth Amendment and the Ex Post Facto Clause. The judge denied the motion and we denied a certificate of appealability

(COA). *See United States v. Couchman (Couchman II)*, 521 F. App'x 636 (10th Cir. 2013) (unpublished).

On June 26, 2015, the United States Supreme Court decided *Johnson v. United States (Johnson II)*, --- U.S. ---, 135 S. Ct. 2551 (2015). In *Johnson II*, it held the residual clause of the ACCA to be unconstitutionally vague. *Id.* at 2557, 2563. It left untouched the remainder of the ACCA's definition of "violent felony" including the enumerated-offense clause. *Id.* at 2563. On April 18, 2016, the Supreme Court made *Johnson II*'s holding retroactive to cases on collateral review. *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257, 1265 (2016).

Relying on *Johnson II*, Couchman filed a motion with this Court on June 2, 2016, for leave to file a second or successive § 2255 motion. We granted authorization. His second § 2255 motion claimed that because the residual clause was invalid, his burglary convictions could only qualify as violent felonies under the ACCA if they satisfied either the elements clause or the enumerated-offense clause; according to him, they met neither. Specifically, he claimed they did not constitute violent felonies under the enumerated-offense clause because the burglary statutes under which he was convicted are broader than generic burglary. That is a new argument having no relevance to the only issue properly posited here—whether he was sentenced under the enumerated-offense clause. As the district judge realized, whether his sentence was <u>proper</u> under that clause is an issue he could have presented earlier and one not contemplated by *Johnson II*, which only provides relief for those sentenced under the residual clause.

The judge denied Couchman's motion. He concluded Couchman's sentence was

- 4 -

enhanced based on the enumerated-offense clause, not the residual clause. As a result, *Johnson II* was inapplicable. Although Couchman tried to rely on *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016), to explain why his burglary convictions did not satisfy the enumerated-offense clause, the judge declined to address *Mathis* because this Court had only granted him permission to file a successive § 2255 motion based on *Johnson II*. The judge also denied a COA.

Couchman renews his request for a COA with this court. A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).

Couchman argues his sentence was enhanced based on the residual clause, not the enumerated-offense clause. According to him, the judge's contrary conclusion is belied by the record, which reveals the judge relied, at least in part, on the residual clause in concluding his prior convictions constituted violent felonies under the ACCA. We see it differently. Both the sentencing record and the "relevant background legal environment at the time of sentencing" show Couchman's sentence to have been enhanced based on the enumerated-offense clause. *See United States v. Snyder*, 871 F.3d 1122, 1129 (10th

- 5 -

Cir. 2017) (quotation marks omitted).

A. *The Sentencing Record*

There is no mention of the residual clause in the sentencing record. Moreover, the enumerated-offense clause explicitly includes "burglary" as a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). The prior convictions used to enhance Couchman's sentence under the ACCA were his "burglary" convictions.

Couchman balks, claiming the judge's comments at sentencing reveal the residual clause was at play. He focuses on the following statement: "[T]he decisions don't require that there be actual violence in particular in connection with a particular offense, but rather if the burglary, for example, involves a building or structure that's deemed to involve a sufficient risk of violence for the nature of it." (R. at 41.) He claims the "sufficient risk of violence" language is akin to the level-of-risk analysis then applicable to deciding whether the residual clause applied. *See James v. United States*, 550 U.S. 192 (2007).

Couchman takes the quoted statement out of context. It was made in response to his argument that his prior convictions were not "violent felonies" under the ACCA because none involved <u>actual</u> violence. The judge correctly responded that courts do not look to a defendant's actual conduct but to the elements of a prior conviction. And, by pointing out that burglary of a building or structure is deemed to involve a sufficient risk of violence for purposes of being a violent felony, the judge was merely reiterating the legislative history of the ACCA.

In *Taylor v. United States*, the Supreme Court relied on that history in defining

- 6 -

generic burglary for purposes of the ACCA's enumerated-offense clause. 495 U.S. 575, 581-90 (1990). From that history, the Court drew several useful observations. *Id*. at 587. First, Congress's concern was career offenders who "present at least a potential threat of harm to persons" because they possess weapons; its concern was not limited to offenders who had convictions for crimes <u>actually involving violence against persons</u>. *Id*. at 587-88. Second, Congress singled out burglary, as opposed to other property crimes, for inclusion as an ACCA predicate offense because of its "[inherent] potential for violence": "The fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate. And the offender's own awareness of this possibility may mean that he is prepared to use violence if necessary to carry out his plans or to escape."[2] *Id*. at 588.

Were there any further doubts as to the judge's comments, they are eliminated by

---

[2] To say that the judge's reference to "sufficient risk of violence" could only mean he was relying on the residual clause is disingenuous. While "risk of violence" was obviously relevant in deciding whether a prior conviction qualified under the now-defunct residual clause, i.e., whether it "otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), it is also relevant to deciding whether a prior conviction satisfies the elements clause, i.e., whether it "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id*. § 924(2)(2)(B)(i). That is because the Supreme Court has held that that clause requires "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States (Johnson I)*, 559 U.S. 133, 140 (2010). And, as we have explained, in defining generic burglary for purposes of the enumerated-offense clause, the Supreme Court considered the risk of violence present in a burglary involving a structure or building. That risk of violence is relevant to all three clauses of the ACCA should come as no surprise; after all, those clauses define "violent felony."

his ending remarks. After rejecting the idea that actual violence is required, he said: "In any event, . . . Congress [h]as concluded that those offenses should be considered violent offense[s] for purposes of the [ACCA]." (R. at 41.) In context, this comment obviously refers to the enumerated-offense clause, which specifically lists "burglary" as a violent felony. *See* 18 U.S.C. § 924(e)(2)(B)(ii).

Moreover, the judge's earlier comments that he could not tell whether one of the prior burglary convictions involved a structure demonstrate he was deciding whether those convictions satisfied the generic definition of burglary for purposes of the enumerated-offense clause. *See Taylor*, 495 U.S. at 599 (defining generic burglary for purposes of the ACCA's enumerated-offense clause as "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, *a building or structure*, with intent to commit a crime") (emphasis added). Indeed, in addressing Couchman's objections to the inclusion of his burglary convictions as predicate offenses, the probation officer said "Tenth Circuit case law states that 'Oklahoma's burglary statute is "nongeneric," meaning that the facts of the underlying offense must be reviewed to determine whether it constitutes a crime of violence.'" (Supp. R. at 33.) The officer then reviewed the charging documents of the convictions, which revealed they involved burglaries of buildings. And, as we explained above, we relied on *Hill* in Couchman's direct appeal to conclude his prior burglary convictions were ACCA predicate offenses. In *Hill*, we decided Oklahoma's second-degree burglary statute was broader than generic burglary. 53 F.3d at 1153. Nevertheless, looking to the charging document, we concluded it included all the elements of generic burglary

- 8 -

because it alleged Hill had unlawfully entered into a building with the intent to commit a crime. *Id*. at 1155. So too in this case, we said. *See Couchman I*, 329 F. App'x at 838. As we will soon explain, this analysis is exactly the analysis then used to decide whether a burglary conviction satisfied the enumerated-offense clause.

The record clearly reveals that Couchman's sentence was enhanced based on the enumerated-offense clause and *Johnson II* is inapplicable. That would seem to end the debate. Nevertheless, we turn to "the relevant background legal environment at the time of sentencing," as we did in *Snyder*.

B. *The Relevant Background Legal Environment at the Time of Sentencing*

"[T]he relevant background legal environment is . . . a 'snapshot' of what the controlling law was at the time of sentencing and does not take into account post-sentencing decisions that may have clarified or corrected pre-sentencing decisions." *See Snyder*, 871 F.3d at 1129 (10th Cir. 2017).

At the time of Couchman's sentencing in August 2008, the Supreme Court had defined generic burglary for purposes of the enumerated-offense clause as the "unlawful or unprivileged entry into, or remaining in, *a building or structure*, with intent to commit a crime." *Taylor*, 495 U.S. at 599 (emphasis added). It had also held that in deciding whether a prior conviction satisfies this generic definition of burglary, a sentencing court should generally apply the categorical approach, "look[ing] only to the fact of conviction and the statutory definition of the prior offense." *Id*. at 602. However, the Court said "[t]his categorical approach . . . may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all

- 9 -

the elements of generic burglary. For example, in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement." *Id*. In other words, when the statute of conviction is broader than the generic offense, a sentencing court should apply a modified categorical approach, looking to a limited set of documents to determine of what elements the defendant had been convicted.

Oregon defines first-degree burglary as "enter[ing] or remain[ing] unlawfully in a [dwelling] with intent to commit a crime therein." Or. Rev. Stat. §§ 164.215, 164.225. It defines dwelling as "a building which regularly or intermittently is occupied by a person lodging therein at night, whether or not a person is actually present" and defines "building" to include any "vehicle, boat, [or] aircraft." *Id*. § 164.205(1), (2). Oklahoma's second-degree burglary statute prohibits "break[ing] and enter[ing] any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or break[ing] into or forcibly open[ing], any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony."[3] Okla. Stat. Ann. tit. 21, § 1435.

_____

[3] We need not consider his second-degree burglary conviction from Missouri because his burglary convictions from Oregon (one) and Oklahoma (two) give him the requisite three violent felonies. Moreover, it appears the judge may have been referring to the Missouri conviction when he said he could not tell whether it involved a structure. That is because the presentence report's description of that conviction referenced the

Because Oregon and Oklahoma define burglary more broadly than the generic offense (burglary of a building or structure) to include, for example, burglary of a vehicle, it would have been proper at the time of sentencing for the judge to look to the charging documents to decide whether Couchman's convictions involved a building or structure.[4] The probation officer did just that, discovering the Oregon conviction involved a dwelling and the Oklahoma convictions involved five storage units and a business. While Couchman objected to these convictions being used to enhance his sentence under the ACCA, he did not dispute that the convictions involved a building or structure. At the time of sentencing therefore "there would have been little dispute" that these convictions fell within the ACCA's enumerated-offense clause. *Snyder*, 871 F.3d at 1129.

Considering the record in light of the relevant background legal environment, the judge correctly found Couchman's sentence was enhanced based on the ACCA's

---

burglary of a storage unit but also referred to forgery of a credit card receipt and theft of a rental car. Moreover, the information in the PSR came from a police report, not from a charging document.

[4] Since Couchman's sentencing, the Supreme Court has clarified that the modified categorical approach applies when a statute lists multiple elements in the alternative, not to those statutes which "enumerate[] various factual means of committing a single element." *See Mathis*, 136 S. Ct. at 2249, 2253-54. We recently suggested that *Mathis* precludes use of the modified categorical approach in deciding whether Oklahoma's second-degree burglary statute satisfies generic burglary; in other words, we suggested that the statute's list of locations does not contain alternative elements but rather alternative means of satisfying a single locational element. *See United States v. Eric Taylor*, 672 F. App'x 860, 863 (10th Cir. 2016) (unpublished). Couchman relies on *Mathis* and *Eric Taylor* but they were decided after his sentencing hearing. The "relevant background legal environment" does not include such "post-sentencing decisions." *Snyder*, 871 F.3d at 1129.

enumerated- offense clause, not the residual clause.  His *Johnson II* claim, therefore, fails on the merits.[5]  *See Snyder*, 871 F.3d at 1128-30.

For the reasons explained, the result reached by the district judge is not only correct, but not reasonably debatable.  We **DENY** a COA and **DISMISS** this matter.


**Entered by the Court:**


**Terrence L. O'Brien**
United States Circuit Judge

---

[5] A claim presented in a second or successive § 2255 motion must be based on newly discovered evidence or "rel[y] on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *See* 28 U.S.C. §§ 2244(b)(2), 2255(h).  Although Couchman's second § 2255 motion may "rely on" *Johnson II* (a matter we need not definitely decide), that case is inapplicable because the residual clause was not used at sentencing.

- 12 -